IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLES RAY MASON, )<br>    #00736893, )<br>        Petitioner, )<br>vs. )<br> )<br>LORIE DAVIS, Director, )<br>Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>        Respondent. ) | No. 3:19-CV-2206-N (BH)<br><br><br><br><br><br>Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** as barred by the statute of limitations.

### I. BACKGROUND

Charles Ray Mason (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The respondent is Lorie Davis, Director of the TDCJ-CID (Respondent).

On December 6, 1983, Petitioner was convicted of burglary of a building by a jury in Cause No. F83-94214-LP in the 203rd Judicial District Court of Dallas County, Texas, and sentenced to life imprisonment. (*See* doc. 3 at 2; TDCJ, https://offender.tdcj.texas.gov (last visited Oct. 8, 2019)).[2] On December 4, 1984, his conviction was affirmed on appeal, and his petition for discretionary review was refused on January 23, 1985. (*See* Texas Judicial Branch,

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for full case management, including findings, conclusions and recommendation.

[2] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

http://searchtxcourts.gov (last visited Oct. 8, 2019)). He filed a state habeas application on May 8, 1989, and it was denied on June 27, 1990. (*See id.*; *see also* doc. 3 at 4.) His second state habeas application was filed on March 28, 1997, and it was dismissed on June 18, 1997. (*See id*)

Petitioner's federal habeas petition, signed on September 5, 2019, raises the following claims:

> (1) he was denied the right to an examining trial prior to the return of the indictment;
>
> (2) the trial court erred in making a comment calculated to convey his opinion of the case to the jury;
>
> (3) he did not freely, voluntarily, understandingly, or intelligently enter a plea to the second and third paragraphs of the indictment;
>
> (4) the trial court erred in that the applicant was tried on a proposed indictment that was forged;
>
> (5) he was denied effective assistance of counsel before, during, and after trial; and
>
> (6) he was denied access to trial records, transcripts, evidence, and briefs.

(*See* doc. 3 at 6-8.)

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it. *See id.* Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

A.      **Calculation of One-Year Period**

>   The one-year period is calculated from the latest of either:
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

Here, Petitioner appealed his conviction, and the trial court's conviction was affirmed on December 4, 1984.  (*See* Texas Judicial Branch, http://searchtxcourts.gov (last visited Oct. 8, 2019)).  His petition for discretionary review was refused on January 23, 1985.  (*See id.*) Petitioner did not file a petition for writ of certiorari with the United States Supreme Court, and his conviction became final on April 22, 1985, when the ninety-day period for filing a petition for writ of certiorari expired.  *See Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998) (citing *Caspari v. Bohlen*, 510 U.S. 383, 389 (1994)).

Where a conviction becomes final before the April 24, 1996 enactment of the AEDPA, the petitioner has one year following the effective date of the Act in which to file a federal petition for a writ of habeas corpus.  *Williams v. Cain*, 217 F.3d 303, 304 n.1 (5th Cir. 2000).  "[W]hen computing the one year time period applicable to petitions raising claims that would otherwise be time-barred as of . . . April 24, 1996, that date must be excluded from the

3

computation and petitions filed on or before April 24, 1997 are timely." *Flanagan*, 154 F.3d at 202. Petitioner is therefore entitled to the one-year grace period which would end, in the absence of tolling, on April 24, 1997.

Five of Petitioner's six claims challenge his conviction and allege errors occurring prior to and during his trial. (*See* doc. 3 at 6-8.) Under subparagraph (D), the facts supporting these claims became known or could have become known prior to April 24, 1996. Because he filed his petition twenty-three years after this date, a literal application of § 2244(d)(1) renders these five claims untimely.

**B.     Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added); *see Grillette v. Warden, Winn Corr. Ctr.*, 372 F.3d 765, 769 (5th Cir. 2004) (citing *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998)).

Petitioner's first state habeas application was filed on May 8, 1989, and denied on June 27, 1990. (*See* doc. 3 at 4; Texas Judicial Branch, http://searchtxcourts.gov (last visited Oct. 8, 2019)). Because it was filed before AEDPA's enactment, it did not toll the limitations period. *See Phillips v. Davis*, No. EP-18-CV-284-FM, 2019 WL 4278834, at *5 (W.D. Tex., Sept. 9, 2019) (finding that state application filed in 1988 preceded AEDPA's enactment and did not toll the limitations period); *Tramble v. Davis*, H-15-2168, 2017 WL 713847, at *4 (S.D. Tex. Feb. 23, 2017) (finding that only second state habeas application filed in 1997 tolled limitations; the first habeas application had been filed in 1994); *Clary v. Stephens*, No. A-14-CA-912-SS, 2015

WL 518793, at *2 (W.D. Tex. Feb. 4, 2015) (finding that neither of the petitioner's first two state applications for habeas relief tolled the limitations period because they were filed before AEDPA was enacted); *Preston v. Thaler*, No. H-10-1647, 2010 WL 3339225, at *2 (S.D. Tex. Aug. 23, 2010) (first state application for habeas corpus relief filed years before April 24, 1996 did not entitle the petitioner to the tolling provisions found in § 2244(d)(2)).

His second state habeas application was filed on March 28, 1997, and dismissed on June 18, 1997. (*See* Texas Judicial Branch, http://searchtxcourts.gov (last visited Oct. 8, 2019)). Because it was filed during the one-year grace period, the limitations period was tolled for the 27 days that it was pending during the grace period, so Petitioner had until May 21, 1997, to file his petition. *See Grillette*, 372 F.3d at 769 ("[T]he § 2244(d)(2) tolling provision is applicable to this one-year [grace] period for filing following AEDPA's effective date."); *see also Egerton v Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003) (recognizing that because the petitioner's state habeas application was filed after the one-year grace period, it did not toll the limitations period). His § 2254 petition, filed on September 5, 2019,[3] is therefore untimely.

**C.     Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44

---

[3] Prisoners' federal pleadings are considered filed on the date they are placed in the prison mail system. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).

F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman*, 184 F.3d at 402.

Here, Petitioner claims that he has been denied access to trial records, evidence, and briefs, which have been made available to others, and he has been subjected to discriminatory treatment because he is indigent.[4] (*See* doc. 3 at 8.) He contends that where the State provides a route for an appeal with an appellate record, it must furnish indigent defendants with whatever non-indigent defendants can afford. (*See id.*)

An indigent inmate is not entitled to a free copy of transcripts and other court records for pursuing collateral relief. *See Bonner v. Henderson*, 517 F.2d 135, 136 (5th Cir. 1975). Moreover, to the extent that he claims he is proceeding without counsel because he is indigent,

---

[4] In an abundance of caution, Petitioner's claim that he has been denied access to trial records is liberally construed as an argument in support of equitable tolling. (*See* doc. 3 at 8.)

"proceeding pro se is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim." *Felder*, 204 F.3d at 172. Petitioner also fails to say exactly when he was denied access to legal materials, what the specific materials were, or how this led to a delay of more than twenty years in the filing of his federal habeas petition. *See Oliver v. Davis*, No. 3:18-CV-546-N, 2018 WL 2773378, at *5 (N.D. Tex. Apr. 12, 2018), *rec. adopted*, 2018 WL 2762563 (N.D. Tex. June 8, 2018) (petitioner was not entitled to equitable tolling based on confiscation of legal papers where he did not allege when it occurred or how it prevented the timely filing of his petition).

Petitioner has not demonstrated that he acted diligently by filing his § 2254 petition more than twenty-nine years after his first state habeas application was denied, and more than twenty-two years after his second state habeas application was dismissed. His petition is untimely, and he is not entitled to equitable tolling.

### III. RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED** this 15th day of October, 2019.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

7

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

 

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE